NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0765n.06

Case No. 09-5933

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 15, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| PATRICK McDONOUGH, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| MEMPHIS RADIOLOGICAL | ) DISTRICT OF TENNESSEE |
| PROFESSIONAL CORPORATION; | ) |
| MEDICAL ACCOUNTS RECEIVABLE | ) |
| MANAGEMENT, dba Med-Arm, Inc., | ) |
| | ) |
| Defendants-Appellees, | ) |
| | ) |
| SEMMES-MURPHY CLINIC, | ) |
| | ) |
| Defendant. | ) |

BEFORE: BATCHELDER Chief Judge; CLAY and SUTTON, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. This case arises from Memphis Radiological

Professional Corporation's ("MRPC") termination of its CEO, Patrick McDonough, under the

"without cause" provision of his contract after only 6 months on the job. In accordance with the

contract, MRPC paid him the remainder of his salary for the year. McDonough claims that he was

fired for refusing to keep quiet about unlawful billing practices at MRPC, but MRPC says that it

decided to terminate him because a valued employee, Jannett Horne, claimed that she had been

verbally abused by McDonough. MRPC says that it found Horne to be credible, and that it was afraid of losing two valuable key employees, Horne and George Dendrinos, if it did not discharge McDonough.

McDonough brought this action, raising one federal claim – now abandoned – as well as claims under Tennessee common law for retaliatory discharge and the Tennessee Public Protection Act ("TPPA"). The district court granted summary judgment to MRPC on both of those claims. The court held that McDonough's common law claim failed because a required element of the claim is that the plaintiff be an at-will employee, and it was undisputed that McDonough was a contract employee. The court held that McDonough's TPPA claim failed for two reasons: first, McDonough could not show that he refused to remain silent about alleged illegal activities, because it was the MRPC board of directors who first informed him of and hired him to tackle the suspect activities; and second, even if he could show that he refused to remain silent, he could not establish an *exclusive* causal connection between his supposed refusal to remain silent and his termination, as is required under the TPPA.

McDonough appealed. He also moved to certify to the Tennessee Supreme Court the question of whether the common law claim requires an at-will employment relationship.

After carefully reviewing the district court's opinion, the briefs, and the record in this case, we conclude that the district court did not err in granting summary judgment to MRPC. As the district court correctly set out the applicable law and correctly applied that law to the undisputed material facts contained in the record, issuance of a full written opinion by this court would serve no useful purpose. Further, we find no need to certify any question to the Tennessee Supreme Court.

As the district court explained, the Tennessee common law claim of retaliatory discharge clearly requires an at-will employment relationship. We also note that since the district court issued its opinion, the Tennessee Supreme Court has twice explicitly stated that at-will employment is a required element of the common law claim. *See Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 800 (Tenn. 2010); *Gossett v. Tractor Supply Co., Inc.*, 320 S.W.3d 777, 781 (Tenn. 2010).

Accordingly, for the reasons stated in the district court's well-reasoned opinion, we **AFFIRM** the judgment of the district court. We **DENY** McDonough's motion to certify to the Tennessee Supreme Court the question regarding the common law claim.